IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
00 MAR 23 AM 10: 41
U.S. DISTRICT COURT
N.D. OF ALABAMA

THE CITIZENS BANK )
OF FAYETTE, )
                                       )
   PLAINTIFF, )
                                       )
v. )   Civil Action No.: CV 00-J-552-J
                                       )
SOUTHTRUST BANK, N.A., )
                                       )
   DEFENDANT. )

ENTERED
MAR 23 2000

## MEMORANDUM OPINION

This case is an action in which the plaintiff seeks a declaratory judgment to determine the rights and liabilities of the parties under an alleged loan agreement. Plaintiff's Petition ¶ 11. The plaintiff originally filed the petition in the Circuit Court of Fayette County. The defendant filed a notice of removal (doc.1), alleging this court has original jurisdiction under 28 U.S.C. § 1331. The plaintiff subsequently filed a motion to remand (doc. 9). The plaintiff alleges this case does not involve any federal question, but solely a question of state law.

The underlying facts of the case involve the actions of Robert Humber, a former officer of Citizens Bank of Fayette ("Citizens"). Humber pled guilty to embezzlement in United States District Court. Defendant's Motion for Special Assignment ¶ 3. Humber's

16

scheme was to have SouthTrust Bank, N.A. ("SouthTrust") sell overnight Federal Funds [1] to Citizens Bank, and he subsequently would use those funds for his personal benefit. Plaintiff's Petition ¶ 5.

> The Eleventh Circuit recently stated:
>
>> A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. 28 U.S.C. § 1441. Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law. 28 U.S.C. §§ 1331, 1332. Because, in this case, there is no contention that diversity jurisdiction exists between the parties, federal jurisdiction must rest, if at all, on federal question jurisdiction. Under the "well-pleaded complaint" rule, a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. *Kemp v. Int'l Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Because the well-pleaded complaint rule requires a federal question to appear on the face of the plaintiff's complaint, a defense presenting a federal question – even a valid one – cannot create removal jurisdiction. *Id.*

*Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Specifically, a suit cannot be made removable by any statement in the petition for removal. *Stone v. Williams*, 792 F.Supp 749, 753 (M.D. Ala. 1992) (citing *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1917)).

In the case before this court, the plaintiff alleges only state law claims. No federal question is discernable from the face of the complaint. Citizens alleges that SouthTrust

---

[1] Federal Funds refers to monies belonging to SouthTrust that it makes available to correspondent banks with an interest rate tied to the 'federal funds' rate. Plaintiff's Motion to Remand p.3 footnote 3.

knew or should have known that Humber had no real or apparent authority to purchase the Federal Funds. Plaintiff's Petition ¶ 7. Furthermore, Citizens asserts that it has no liability to SouthTrust for the monies purchased by Humber as part of his embezzlement scheme. *Id.* at ¶ 11. Therefore, Citizens simply asks for a determination of Humber's authority to purchase the federal funds, consequently deciding whether it is liable. *Id.*

In its notice of removal, the defendant argues two exceptions to the "well-pleaded complaint" rule. First, the defendant argues that the plaintiff's claims fall within the "complete preemption" doctrine under which a claim is characterized as federal for the purposes of removal to federal court. Defendant's Notice of Removal ¶ 8. In this case, the defendant asserts that the monies transferred to Citizens were "effected" through the Fed-Wire system of which Regulation J, Subpart B governs. *Id.* at ¶ 12. While Regulation J may call for preemption, the allegations in the plaintiff's petition do not reach that point. The plaintiff only asks for a determination of whether Humber had contractual authority to purchase funds, no matter the mechanism used to transfer them.

Moreover, in her affidavit, Janet LeCount, Vice President and Manager of Wire Transfers at SouthTrust, clearly explained that the Fed-Wire system was not involved in the questioned transaction. According to LeCount, Citizens Bank maintained a Demand Deposit Account ("DDA Account") at SouthTrust. Affidavit of Janet LeCount at ¶3. When Humber purchased Fed Funds through SouthTrust on credit, SouthTrust placed the funds in the Citizens' account at SouthTrust "pending further instructions" from Citizens.

*Id.* at ¶ 4. Thus, an intra-bank transfer occurred. At this point, Citizens controlled the funds. Citizens only alleges that Humber was ineligible to make this "intra-bank transfer" of monies into Citizens DDA Account at SouthTrust. Plaintiff's Petition ¶ 7.

In addition, the defendant claims the case should be removed based on the "artful pleading" exception to the "well-pleaded complaint" rule. For the artful pleading doctrine to apply, there must be a federal claim couched in terms of state law. See *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981). According to the defendant, there are no state law remedies governing conduct in connection with Fed-Wire transactions. Defendant's Notice of Removal ¶ 13. As previously discussed, the determination has been made that the plaintiff's petition does not encompass a transaction using the Fed-Wire system.

Therefore based on the consideration of all of the above, this court **FINDS** that the above entitled action was removed improvidently and that this court is without jurisdiction. Accordingly, plaintiff's motion to remand is hereby **GRANTED**. This action is hereby **REMANDED** to the Circuit Court of Fayette County from whence it was removed.

**DONE** and **ORDERED** this the ___23___ day of March, 2000.

Inge P. Johnson
United States District Judge